**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

OCTAVIA GONZALES, individually
and as parent and natural guardian
of A.G., a minor,

      Plaintiffs,

v.

                                      Case No. 15-cv-1199-JTM

SHELTER MUTUAL INSURANCE
COMPANY,

      Defendant.

**MEMORANDUM AND ORDER
GRANTING SUMMARY JUDGMENT**

Before the court is defendant's Motion for Summary Judgment. (Dkt. No. 12). Plaintiffs filed this breach of contract action, alleging defendant improperly denied their uninsured motorist claim for an accident that involved an all-terrain vehicle (ATV) on a public road. Defendant argues that the ATV was not a motor vehicle as defined in its policy because it was not originally designed for operation on public roadways, thus plaintiffs are not entitled to recover uninsured motorist benefits. Plaintiffs counter that since the ATV was being operated on a public highway, Kansas law required its registration, and therefore, the ATV met the statutory definition of a motor vehicle, making it subject to compulsory insurance. Defendant rejoins that because Kansas law exempts the ATV from vehicle registration requirements, it was not subject to compulsory insurance. The court agrees with defendant and grants summary judgment in its favor.

I.      **Summary Judgment Standard**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

II.     **Findings of Fact**

The parties stipulated to the facts. (Dkt. 11, Stipulated Facts). On July 24, 2014, the minor plaintiff A.G. was a passenger on the back of a 2010 ATV operated by M.P., also a minor, on the streets of Kanorado, Kansas. While traveling northbound on Walnut Street and turning east onto Lamborn Street, the ATV overturned, ejected both minors, and continued to overturn. The accident occurred at an intersection that meets the definition of a Kansas "highway." Kan. Stat. Ann. § 8-126(s).

M.P., a resident of Guadalupe, California, owned the ATV, which was not insured under any auto liability insurance policy. At the time, A.G. lived with her parents, Octavia and Rosie Gonzales, at 210 Beech, Kanorado, Kansas. The Gonzales had an automobile insurance policy with defendant (the "Policy"), which contained the following insuring agreement for uninsured motorist (UM) coverage:

2

> If the owner or operator of an uninsured/underinsured motor vehicle is legally
> obligated to pay damages, we will pay the uncompensated damages; but this
> agreement is subject to all conditions, exclusions, and limitations of our liability
> stated in this policy.

(Dkt. 11, Ex. A at 13). The Policy defines "motor vehicle" as "a self-propelled land vehicle originally designed for operation on public roadways. . . ." (*Id.* at 3). It defines "uninsured/underinsured motor vehicles," in pertinent part, as "a motor vehicle that, at the time of the accident covered by this policy, is: (a) Not covered by a liability bond or insurance policy applicable to the accident . . . ." (*Id.* at 5).

A.G. sustained personal injuries and damages in excess of the uninsured motorist limits of $ 50,000. Plaintiffs made a claim for UM coverage under the Policy. Defendant denied the UM claim in a letter dated March 13, 2015, stating:

> Based on our investigation and this policy language, Shelter believes the policy
> does not cover this claim. Specifically, the ATV is not a motor vehicle as defined
> by the policy as it is not designed for operation upon public roadways. In fact, it is
> specifically exempt from vehicle registration requirements. See K.S.A. 8-
> 128(a)(2). Uninsured motorist coverage is only required with respect to motor
> vehicles that are registered or principally garaged in Kansas.

## III.   Conclusions of Law

The sole issue before the court is whether the ATV was a vehicle to which motor vehicle liability insurance is statutorily required. Plaintiffs argue that when the ATV was operated on a public highway, it became a motor vehicle under Kansas law subject to compulsory insurance and uninsured motorist coverage, citing *Kresyman v. State Farm Mut. Auto Ins. Co.,* 5 Kan.App.2d 666, *rev. denied,* 229 Kan. 670 (1981), *Farm Bureau Mut. Ins. Co. v. Kurtenbach By and Through Kurtenbach*, 265 Kan. 465, 476 (1998), and *Estate of Dutkiewicz v. Benchmark Ins. Co.*, 256 P.3d 896, 2010 WL 2545668 (2010). These cases concluded that the dispositive factor in determining whether a vehicle meets the definition of a motor vehicle that liability

3

insurance is statutorily required is whether the vehicle was being used on a public highway at the time of the accident. The *Kresyman* and *Kurtenbach* courts, however, cautioned, "our decision must not be read too broadly." *Kresyman*, 5 Kan.App.2d at 669; *Kurtenbach*, 265 Kan. at 477. Because these cases do not involve a motor vehicle that was specifically exempt from registration under Kan. Stat. Ann. § 8-128, the court finds plaintiffs' reliance upon them misplaced.[1]

"Registration of motor vehicles and the maintenance of liability insurance thereon are inexorably bonded together by the [Kansas automobile injury reparations] act." *Dreiling v. State Farm Mut. Auto. Ins. Co.*, 227 Kan. 851, 854 (1980). Owners must maintain insurance on every motor vehicle required to be registered in Kansas. Kan. Stat. Ann. § 40-3103(m) defines motor vehicle as "every self-propelled vehicle of a kind required to be registered in this state...." Kan. Stat. Ann. § 40-3104(a) requires motor vehicle liability insurance for every motor vehicle within Kan. Stat. Ann. § 40-3013(m). *See also* Kan. Stat. Ann. § 40-3118 (liability insurance is a prerequisite to motor vehicle registration).

Chapter 8 of the Kansas statutes governs vehicles and their registration. Kan. Stat. Ann. § 8-126(a) defines a "vehicle" as "every device . . . by which any person  or property is or may be transported . . . upon a public highway . . . ." Subsection (b) defines "motor vehicle" as "every vehicle, other than a motorized bicycle or a motorized wheelchair, which is self-propelled." Kan. Stat. Ann. § 8-127(a) states that "Every owner of a motor vehicle . . . shall, before any such vehicle is operated in this state, apply for and obtain registration in this state . . . except as otherwise provided by law . . . ." Kan. Stat. Ann. § 8-128 sets forth exceptions for registration of

---

[1] These cases also contain other factual distinctions. *Kresyman* involved a mini-bike collision with an automobile on a public highway and a claim for personal injury protection benefits. *Kurtenbach* involved a motorcycle accident, which the Kansas Supreme Court ultimately held to be on the insured premises and not a public highway, and a claim for incidental coverage under a farm master comprehensive general liability policy. *Dutkiewicz* involved a stolen golf cart that was driven on a public highway.

certain vehicles, including ATVs. Kan. Stat. Ann. § 8-142 makes it unlawful for any person "[t]o operate, or for the owner thereof knowingly to permit the operation, upon a highway of any vehicle, as defined in K.S.A. 8-126, which is not registered."

The ATV meets the definition of a motor vehicle under Kan. Stat. Ann. § 8-126 as it is a self-propelled device that may (and did) transport a person or property upon a public highway. Kan. Stat. Ann. § 8-128(a)(2), however, excepts ATVs from vehicle registration. Plaintiffs ignore this fact altogether. Instead, they focus on the statutes that require registration based on the vehicle's operation upon a highway. Kan. Stat. Ann. §§ 8-127 and 8-142. None of the cases plaintiffs rely upon, however, discussed the interplay between these conflicting statutes. Neither *Kresyman* nor *Dutkiewicz* referenced Kan. Stat. Ann. § 8-128. *Kurtenbach* discussed that statute, but it was limited to whether the motorcycle involved in the accident met the definition of an implement of husbandry, which is also a type of vehicle excepted from registration. *Kurtenbach*, 265 Kan. at 471-73. The *Kurtenbach* court ultimately concluded that Kan. Stat. Ann. § 8-128 was not applicable because the motorcycle did not meet the definition of an implement of husbandry based on its design and past usage. *Id.* at 473. Likewise, it concluded that Kan. Stat. Ann. § 8-127 was not applicable because the accident occurred on the insured premises, rather than on a public highway. *Id.* at 477. Because neither statute applied, the *Kurtenbach* court was not faced with conflicting answers as to vehicle registration.

In this case, Kan. Stat. Ann. § 8-128(a)(2) uncontrovertedly applies to except the ATV from vehicle registration. Kan. Stat. Ann. §§ 8-127 and 8-142, however, also apply, but require a conflicting result – registration. The court's research has not disclosed case law directly addressing the interplay between Kan. Stat. Ann. §§ 8-127, 8-128, and 8-142, so this issue appears to be a question of first impression. The court finds that the well-established rule of

5

statutory construction that the specific governs the general resolves the conflict. *HCSC-Laundry v. United States*, 450 U.S. 1, 6 (1981) (per curiam) ("it is a basic principle of statutory construction that a specific statute . . . controls over a general provision . . . particularly when the two are interrelated and closely positioned, both in fact being parts of [the same statutory scheme]"). Kan. Stat. Ann. §§ 8-127 and 8-142 are general provisions as they use the general words "any vehicle" and "motor vehicle," while Kan. Stat. Ann. § 8-128 is a specific provision because it identifies specific types of vehicles exempt from vehicle registration. Because the specific statute governs, the court finds the ATV excepted from registration and not subject to compulsory insurance, which means it is not an uninsured motor vehicle.

As to plaintiffs' argument that Shelter's definition of motor vehicle does not comport with Kansas law, the court finds that argument moot because the court based its analysis on Kansas statutory definitions. Thus, the court need not decide whether defendant's insurance policy dilutes mandatory coverage under Kan. Stat. Ann. § 40-284.

In sum, because the ATV is not an uninsured motor vehicle, plaintiffs are not entitled to UM coverage. Accordingly, the court grants judgment in defendant's favor.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Dkt. 12) is **GRANTED**.

**IT IS SO ORDERED** this 11th day of May 2016.


s/ J. Thomas Marten
J. THOMAS MARTEN, Judge